# Third District Court of Appeal

## State of Florida

Opinion filed June 6, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-150
Lower Tribunal No. 15-17377
_____

**Gian Franco Martinez, etc.,**
Appellant,

vs.

**Juan Fernandez-Uriate,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Bernard S. Shapiro, Judge.

Hasbun & Mendoza, PLLC, and Maribel Mendoza, for appellant.

Perez-Abreu & Martin-Lavielle, P.A., Andy W. Acosta and Javier Perez-Abreu, for appellee.

Before SALTER, FERNANDEZ and SCALES, JJ.

FERNANDEZ, J.

Gian Franco Martinez ("Appellant"), as personal representative of the estate

of Helen Doris Fernandez (the deceased former "Wife"), appeals the lower court's

December 14, 2016 order of dismissal for lack of prosecution and the trial court's determination that the Wife's counsel failed to timely move for a substitution of party in accordance with Florida Rule of Civil Procedure 1.260(a)(1). On July 10, 2015, the Wife filed a Petition for Dissolution of Marriage and Other Relief Without Dependent or Minor Children. On October 5, 2015, the Wife passed away.

On October 10, 2016, Juan Fernandez-Uriate ("Appellee" and the former husband) filed a Notice of Lack of Prosecution. On November 16, 2016, the Wife's counsel simultaneously filed a suggestion of death and a motion for substitution of party seeking to substitute Appellant in her stead. The lower court entered its dismissal order on December 15, 2016. This appeal followed.

Appellant argues the trial court erred in dismissing the cause. We agree and reverse.

First, the lower court erred in dismissing the cause for failure to timely move for substitution. Florida Rule of Civil Procedure 1.260(a)(1) provides a 90-day period for filing a motion for substitution, after a suggestion of death is <u>both</u> filed on the record and served pursuant to Florida Rule of Judicial Administration 2.516. <u>Feller v. R.J. Reynolds Tobacco Co.</u>, No. 3D16-2389, 43 Fla. L. Weekly D392, *3 (Fla. 3d DCA February 14, 2018) (internal citations omitted). Here, the suggestion of death and motion for substitution were filed and served on the same day, and thus the motion for substitution was filed within the applicable 90-day period.

2

Therefore, there can be no dispute that the motion for substitution was timely filed and rule 1.260(a)(1) cannot be a basis for dismissal.

Second, the lower court erred in dismissing the cause for lack of prosecution. Florida Rule of Civil Procedure 1.420(e) provides that after a compliant service of notice of no record activity, if "no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued . . . the action shall be dismissed." Here, record activity occurred within the 60 days immediately following the service of the Notice of Lack of Prosecution. Therefore, rule 1.420(e) cannot be a basis for dismissal.

For the foregoing reasons, the lower court's December 15, 2016 dismissal order is reversed and the cause is remanded for further proceedings.

Reversed and remanded.